UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND AND TRUSTEES OF THE INTERNATIONAL TRAINING FUND 8000 Corporate Drive Landover, MD  20785<br><br>Plaintiffs,<br><br>v.<br><br>BEACON FIRE PROTECTION INC. 288 Grove Stret, Suite 324 Braintree, MA  02184<br><br>Serve: John W. Drysdale, Jr., Registered Agent 179H Tal Oaks Drive Weymouth, MA  02190<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO ENJOIN VIOLATIONS OF THE TERMS
OF AN EMPLOYEE BENEFIT PLAN)**

**PARTIES**

1.      Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund and Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter

"Trust Agreements") and the Collective Bargaining Agreement between Sprinkler Fitters Local Union No. 550 and the Defendant.  The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland  20785.

2. Defendant Beacon Fire Protection Inc. is a corporation existing under the laws of the State of Massachusetts with offices located in Massachusetts. Defendant transacts business in the State of Massachusetts as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## JURISDICTION

3. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

## COUNT I

4. Defendant is signatory to a Collective Bargaining Agreement with Sprinkler Fitters Local Union No. 550 requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

5. Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of February 2022 through the present.

6. Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7. Defendant has failed to make contributions due to Plaintiff Funds for the months of May through July 2022. In addition, Defendant failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

8. Pursuant to Article VI, Section 6 of the Trust Agreements, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of the average for the monthly payments actually made by the Employer for the last three (3) months for which payments were made, or the average of the monthly payments made by the Employer for the last twelve (12) months for which payments were made. . .

9. Using report forms submitted for the last three months for which the Defendant submitted reports to the Plaintiff Funds, the projected delinquency for the months of May through July 2022 is $73,329.48 calculated as follows:

**Contributions Reported**

| Month | Welfare | Pension | ITF |
|---|---|---|---|
| Feb-22 | $14,261.04 | $9,698.60 | $136.60 |
| Mar-22 | $15,127.56 | $10,287.90 | $144.90 |
| Apr-22 | $14,010.48 | $9,528.20 | $134.20 |
| Avg. Monthly Contrib's: | $14,466.36 | $9,838.23 | $138.57 |

10. Defendant's contributions on behalf of its sprinkler fitter employees for the months of May through July 2022 are late.

11. Pursuant to the Trust Agreements and the Guidelines, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.
>
> (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.
>
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

12. Pursuant to this provision, Defendant is obligated to Plaintiff NASI Funds in the amount of $12,221.58 for liquidated damages assessed on the late contributions for the months of May through July 2022, plus interest at the rate provided in the Trust Agreements, the Guidelines and 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

A. In the amount of $73,329.48 for contributions due for work performed in May through July 2022, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

B. In the amount of $12,221.58 for liquidated damages assessed on late contributions for the months of May through July 2022, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

  C. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to the Collective Bargaining Agreement, the Trust Agreements, the Guidelines and 29 U.S.C. § 1132(g).

  D. For such further relief as the Court may deem appropriate.

          Respectfully submitted,

          **O'DONOGHUE & O'DONOGHUE LLP**
          5301 Wisconsin Avenue, N.W.
          Suite 800
          Washington, D.C.  20015
          (202) 362-0041 – telephone
          (202) 362-2640 – facsimile
          cgilligan@odonoghuelaw.com

       By      /s/     
          Charles W. Gilligan
          Maryland Bar No. 05682

          Attorneys for Plaintiffs

850334_1

# **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 26th day of August, 2022 on the following:

    The Office of Division Counsel
    Associate Chief Counsel (TE/GE) CC: TEGE
    Room 4300
    1111 Constitution Avenue
    Washington, DC  20224
    Attention:  Employee Plans

    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC  20210
    ATTENTION:  Assistant Solicitor for
        Plan Benefits Security

                                                /s/
                                          Charles W. Gilligan

850334_1